JS 44   (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Linda Liano

**DEFENDANTS**
Computer Sciences Corporation, Inc.

**(b)** County of Residence of First Listed Plaintiff   Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Chester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Rahul Munshi, Esquire, Console Law Offices LLC
1525 Locust Street, 9th Floor, Philadelphia, PA 19102
215.545.7676; munshi@consolelaw.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e, et seq. ("Title VII"), 29 U.S.C. §621, et seq. ("ADEA"), 43 P.S. §951, et seq. ("PHRA").
Brief description of cause:
Plaintiff was discriminated against because of her sex and age.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $
in excess of $150,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
03/08/2016

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **Linda Liano** | : | CIVIL ACTION |
| **Plaintiff** | : | |
| v. | : | |
| **Computer Sciences Corporation, Inc.** | : | NO. |
| **Defendant.** | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      ( **x** )

| | | |
|---|---|---|
| **March 8, 2016** | _[signature]_ | **Linda Liano, Plaintiff** |
| **Date** | **Attorney-at-law** | **Attorney for** Plaintiff |
| **215-545-7676** | **215-814-8920** | **munshi@consolelaw.com** |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **Berwyn, PA 19312**

Address of Defendant: **1160 West Swedesford Road, Berwyn, PA 19312**

Place of Accident, Incident or Transaction: **1160 West Swedesford Road, Berwyn, PA 19312**
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

*RELATED CASE, IF ANY:*
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, **Rahul Munshi**, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: **March 8, 2016** _____ Attorney-at-Law   **307548** Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **March 8, 2016** _____ Attorney-at-Law   **307548** Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT FOR
## THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LINDA LIANO<br>BERWYN, PA 19312 | : | CIVIL ACTION NO. |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **COMPUTER SCIENCES CORPORATION, INC.**<br>1160 WEST SWEDESFORD ROAD<br>BERWYN, PA 19312 | : | |
| | : | |
| | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Defendant.** | : | |

## CIVIL ACTION COMPLAINT

I.  **INTRODUCTION**

Plaintiff Linda Liano ("Plaintiff") brings this action against her former employer, Defendant Computer Sciences Corporation, Inc. ("Defendant"). Plaintiff, a long-time, high performing employee of Defendant, was terminated on December 12, 2012 due to her sex and age. Defendant, whose Executive Leadership and Board of Directors consists entirely of men, engaged in a scheme through an illegal "restructuring" process to decrease the number of older and/or female workers in the company while retaining and promoting younger and/or male workers.

Plaintiff, an older female, was discriminated against because of her sex and age in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C.

§621, *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA").   Plaintiff seeks damages, including back-pay, front-pay, compensatory, punitive, liquidated, costs and attorneys' fees, and all other relief that this Court deems appropriate.

## II.   PARTIES

1.       Plaintiff, Linda Liano, is an individual and a citizen of the Commonwealth of Pennsylvania.  She resides in Berwyn, Pennsylvania.

2.       Plaintiff was a fifty-nine (59) year old female at the time Defendant terminated her employment on December 12, 2012.   She is currently sixty-two (62) years old.

3.       Defendant Computer Sciences Corporation, Inc. is a Nevada corporation with a principal place of business located at 1160 West Swedesford Road, Berwyn, PA 19312.

4.       Defendant is engaged in an industry affecting interstate commerce and, at all relevant times, has regularly conducted business in the Commonwealth of Pennsylvania.

5.       At all times material hereto, Defendant has acted as an "employer" within the meaning of the statutes which form the basis of this matter.

6.       At all times material hereto, Defendant employed more than twenty (20) individuals.

7.       At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

2

8.    At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the statutes which form the basis of this matter.

III.    **JURISDICTION AND VENUE**

9.    The causes of action which form the basis of this matter arise under the ADEA, Title VII and the PHRA.

10.    The District Court has jurisdiction over Count I (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

11.    The District Court has jurisdiction over Count II (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

12.    The District Court has supplemental jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

13.    Venue is proper in the District Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

14.    On or about May 2, 2013, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein ("Charge").  Attached hereto, incorporated herein, and marked as Exhibit "A" is a true and correct copy of the EEOC Charge of Discrimination (with personal identifying information redacted).

15.    On or about December 10, 2015, the EEOC issued to Plaintiff a Notice of Right to Sue.  Attached hereto, incorporated herein, and marked as Exhibit "B" is a true and correct copy of this notice (with minor redactions for purposes of electronic filing of confidential/identifying information).

16.     Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.     <u>FACTUAL ALLEGATIONS</u>

17.     In or about May 1997, Plaintiff was hired by Defendant as a Consultant.

18.     Plaintiff remained employed by Defendant until December 12, 2012, the date of her unlawful termination of employment.

19.     Plaintiff consistently performed her job duties for Defendant in a satisfactory manner and she received several promotions throughout her tenure with Defendant.

20.     Plaintiff received numerous bonuses, salary increases, and stock option grants during her employment with Defendant.

21.     From around 1997 until 2012, Plaintiff consistently received positive performance reviews where she was ranked as either "met" or "exceeded" expectations.

22.     Plaintiff's last position with Defendant was Operations Director.

23.     Upon becoming an Operations Director, in or about 2010, Plaintiff reported to Mark Roman (56, male), President of the Global Health Care Operations.

24.     Roman reported to Jim Cook (57, male), President of Business Solutions and Services Sector.

25.     Defendant permits a culture of allowing male supervisors to make gender based remarks about female employees without punishment.

26.     For example, in or about October 2010, Roman began making inappropriate comments about Plaintiff.  Roman called Plaintiff "hot" and "pleasing to the eyes" to Benjamin Petitti (29, male), Plaintiff's direct report.

27.     In or about November 2010, Plaintiff complained to Becca Snook (late 40s, female), Global Human Resources Business Partner, about Roman's inappropriate behavior and told Snook that Roman made her feel uncomfortable.

28.     Snook told Plaintiff to view Roman's comments as "harmless" and instructed her not to pursue any formal actions.

29.     Defendant failed to investigate Plaintiff's complaints.

30.     In early 2012, Michael Lawrie, Chairman, President and Chief Executive Officer, announced that Defendant was going to conduct a structural reorganization.

31.     During this structural reorganization, Defendant eliminated several positions, including Plaintiff's.

32.     At the same time, Defendant created numerous new positions within the new organizational model.

33.     Defendant never considered Plaintiff for these newly created positions, even though she was qualified for many of these jobs.

34.     Rather, Defendant placed younger and/or male employees who were less qualified than Plaintiff into these positions.

35.     Defendant engaged in a pattern and practice of retaining younger and/or male employees to be reassigned to new positions in lieu of termination.

36.     By way of example only, the following individuals, each of whom **reported to Plaintiff**, were not terminated and were placed into newly created positons for which Plaintiff was qualified:

    a.  Brandy Baxter (31, female);

    b.  Heather Graninger (32, female);

  c. Nicholas Northam (36, male); and

  d. Benjamin Petitti (29, male).

  37. Defendant placed employees, including Plaintiff, whose positions were eliminated, but who were not placed into one of the numerous new positions, into a "Talent Pool."

  38. Employees who were placed into the "Talent Pool" were supposed to be placed in other positions at Defendant.

  39. However, instead of retaining the employees in the "Talent Pool," Defendant terminated the entire "Talent Pool."

  40. Consequently, on or around December 12, 2012, Plaintiff received a termination letter from Defendant.

  41. Plaintiff's performance played no role in the decision to terminate her.

  42. Defendant engaged in a pattern and practice of discriminating against older women by terminating their employment and failing to place them in positions for which they were more qualified than their younger and/or male colleagues.

  43. By way of example, Defendant terminated Anne Roeser (58, female), Client Relationship Executive in the Health Care Group and failed to place her in a new position for which she was qualified, while Defendant placed younger and/or male employees in these positions.

  44. Further, Defendant terminated Dawna Lisa Ragusa (59, female), Director of Marketing and Communications, and failed to place her in a new position for which she was qualified, while Defendant placed younger and/or male employees in these positions.

45.     Upon knowledge and belief, Defendant has a corporate culture of bias in favor of males.

46.     By way of example, at the time of Plaintiff's termination the leadership of Defendant was primarily male:

     a.  for the top three highest job levels, seventy (70%) percent were male;

     b.  all of the eleven (11) Executive Leadership employees were male;

     c.  all of the eleven (11) Operational Executive Officers were male; and

     d.  all of the nine (9) members of the Board of Directors were male.

47.     Plaintiff's age (59) was a substantial, motivating, and/or determinative factor in the decision to terminate her employment.

48.     Plaintiff's sex (female) was a substantial, motivating, and/or determinative factor in the decision to terminate her employment.

49.     As a direct and proximate result of Defendant's behavior, Plaintiff has sustained in the past and will sustain in the future a loss of earning, emotional upset, and pain and suffering.

50.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the unlawful behavior complained of herein unless and until this Court grants the relief requested herein.

51.     The conduct of Defendant, as set forth above, was outrageous under the circumstances, was done by and with knowledge of upper management, and warrants the imposition of punitive damages against Defendant.

## COUNT I - ADEA

52.     Plaintiff incorporates herein by reference paragraph 1 through 51 above,

as if set forth herein in their entirety.

53.     Plaintiff's age was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of her.

54.     By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the ADEA.

55.     Said violations were willful and warrant the imposition of liquidated damages.

56.     As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

57.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

58.     No previous application has been made for the relief requested herein.

## COUNT II – TITLE VII

59.     Plaintiff incorporates herein by reference paragraph 1 through 58 above, as if set forth herein in their entirety.

60.     Plaintiff's sex was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of her.

61.     By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Title VII.

62.     Said violations were willful and intentional and warrant the imposition of punitive damages.

63.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

64.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

65.     No previous application has been made for the relief requested herein.

## COUNT III – PHRA

66.     Plaintiff incorporates herein by reference paragraphs 1 through 65 above, as if set forth herein in their entirety.

67.     Plaintiff's age was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of Plaintiff.

68.     Plaintiff's sex was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of Plaintiff.

69.     By committing the foregoing acts of discrimination Defendant has violated the PHRA.

70.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

71.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

72.     No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant by:

a.      declaring the acts and practices complained of herein to be a violation of the ADEA;

b.      declaring the acts and practices complained of herein to be a violation of the Title VII;

c.      declaring the acts and practices complained of herein to be in violation of the PHRA;

d.      enjoining and restraining permanently the violations alleged herein;

e.      awarding Plaintiff back-pay;

f.      awarding Plaintiff front-pay;

g.      awarding compensatory damages to Plaintiff for past and future emotional upset and pain and suffering;

h.      awarding liquidated damages;

i.      awarding punitive damages;

j.      awarding Plaintiff the costs of this action, together with reasonable attorneys' fees;

k.      awarding Plaintiff such other damages as are appropriate under the, ADEA, Title VII, and PHRA; and

l.      granting such other and further relief as this Court deems appropriate.

CONSOLE LAW OFFICES LLC

Date:  March 8, 2016                    By:  _____

STEPHEN G. CONSOLE
RAHUL MUNSHI
ASHLEY N. WARING
1525 Locust Street, Ninth Floor
Philadelphia, PA 19102
(215) 545-7676
(856) 545-8211 (fax)

Attorneys for Plaintiff,
Linda Liano

# EXHIBIT A

| CHARGE OF DISCRIMINATION | | AGENCY | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | FEPA<br>X  EEOC | 530-2013-2401 |
| STATE OR LOCAL AGENCY: **PHRC** | | | |

| NAME (Indicate Mr., **Ms.**, Mrs.)<br>Linda Liano | HOME TELEPHONE NUMBER *(Include Area Code)* |
|---|---|

| STREET ADDRESS | CITY, STATE AND ZIP<br>Berwyn, PA 19312 | DATE OF BIRTH |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**Computer Sciences Corporation** | NUMBER OF EMPLOYEES<br>> 1000 | TELEPHONE (Include Area Code)<br>703-876-1000 |
|---|---|---|

| STREET ADDRESS<br>**1160 West Swedesford Road**<br>**HQ: 3170 Fairview Park Drive** | CITY, STATE AND ZIP<br>**Berwyn, PA 19312**<br>**Falls Church, VA 22042** | COUNTY<br>Chester ? |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Race   Color   XX Sex   Religion   National Origin<br>Retaliation   XXAge   Disability   Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br>*Earliest:*        *Latest* 12/12/12 |
|---|---|

THE PARTICULARS ARE:
    A.   1. **Relevant Work History**

        I was hired by Computer Sciences Corporation ("Respondent") as a Field Consultant in the Life Sciences practice in 1997. In approximately 1998, I was promoted to Operations Manager for the Life Sciences practice. In 2004, I was promoted to Partner and in 2010, my role was relabeled and I became Operations Director.  At that time, I started reporting to Mark Roman, Group President (male, 54*), who was my supervisor at the time of my termination. Mr. Roman reported to Jim Cook (male).


*All ages herein are approximate.

| X I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br><br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct.<br><br>X _____  4/30/13<br>Date         Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |

2013 MAY 2   P 3: 56

RECEIVED EEOC
PHILADELPHIA D.O.

**EEOC CHARGE OF DISCRIMINATION**
**Page 2 of 4**
**Linda Liano v. Computer Sciences Corporation**

Throughout my fifteen (15) years of employment with Respondent, I was a loyal, dedicated, and hardworking employee. By way of example only, I was promoted several times within the company and was a part of the Senior Management Team. I successfully integrated an acquired company into Respondent's existing organization in a three month schedule. In addition, I routinely received bonuses, salary increases, and stock options grants.

## 2. HARM SUMMARY

I have been discriminated against, including subjected to a hostile work environment, based on my age (59) and sex (female) and a combination of age and sex. I believe that Respondent has a pattern of practice of discriminating against women and/or older employees. Evidence of discriminatory conduct includes, but is not limited to, the following:

(a)  My performance at all times has been excellent. By way of example, in my first fourteen (14) years with Respondent, I never received a poor performance review.

(b)  At the time of my termination, Mr. Roman had five (5) direct reports, including me. I was the oldest of Mr. Roman's direct reports and the only direct report who was terminated. Mr. Roman's direct reports were:

  i.  John Guda (male, 53);

  ii.  Nigel Whitehead (male, 52);

  iii.  Freddy Lykke (male)

  iv.  Jordan Battani (female, 53); and

  v.  Myself.

(c)  On December 12, 2012, Respondent terminated me, effective December 31, 2012.

(d)  The reason given for my termination was that Respondent had "engaged in a structural reorganization."

(e)  At the time of my termination, I believe that I was only employee out of the approximately seven hundred fifty (750) employees under Mr. Roman terminated as a result of this alleged reorganization.

(f)  After I was terminated, my job duties were distributed among the seven

**EEOC CHARGE OF DISCRIMINATION**
**Page 3 of 4**
**Linda Liano v. Computer Sciences Corporation**

individuals that had been reporting to me. Four (4) of these individuals are under the age of forty (40); three (3) of these individuals are men.

(g)     Prior to my termination and for the first time in my fifteen (15) year tenure with Respondent, I received a negative performance review.

(h)     This negative performance review was unjustified and unfounded.

(i)     Respondent had not provided me with any performance feedback during the performance period covered by the review, and the review document did not contain any specific details to support the negative evaluation.

(j)     Respondent did not offer me the opportunity to take a job with reduced scope and lower salary to support Respondent's cost reduction initiative.

(k)     After Mr. Roman became my supervisor, I felt that he failed to communicate with me. By way of example only, during the eight month period after Mr. Roman gave me a negative performance review, he either failed to attend, or cancelled twenty-one (21) of the thirty-seven (37) group or individual meetings scheduled with me.

(l)     In approximately August of 2012, Respondent held a strategic planning meeting. At that time there were six (6) employees reporting to Mr. Roman, four of whom were male. Respondent invited the three (3) of his male direct reports to attend this meeting in person. I was instructed to attend the meeting via telephone conference, yet was given no explanation as to why I was not invited to attend in person along with the other, male, invitees.

(m)     In communications to Mr. Pettiti, a male direct report of mine who was approximately twenty-eight (28) years of age, and later in his communications with me, Mr. Roman described me as "hot."

(n)     Mr. Roman invited Mr. Pettiti, to an executive level strategic planning meeting, but did not invite me to the same.

(o)     Respondent recruited and hand-picked Ben Pettiti (male, 28), an outside hire, to be a Project Manager directly reporting to me.

(p)     To the best of my knowledge, Respondent did not post for this role, nor did Respondent did consider internal female and/or older candidates that may have been more qualified for this role.

(q)     Respondent did not allow me the opportunity to interview Mr. Pettiti.

RECEIVED - EEOC
PHILADELPHIA, D.O.
2013 MAY - 2   3: 56

EEOC CHARGE OF DISCRIMINATION
Page 4 of 4
Linda Liano v. Computer Sciences Corporation

(r)   Respondent's upper echelon of operational employees are predominantly male, demonstrating a pattern and practice of discriminatory hiring and personnel decisions which have a disparate impact that adversely affect women. By way of example only:

1.  The U.S. and U.K. Healthcare group, approximately fifty—six percent (56%) are male.  For the top three highest job levels, seventy percent (70%) are male.

2.  All of the eleven (11) operational Executive Officers are male.

3.  Eight (8) out of the nine (9) members of the Board of Directors are male.

**B.   1. Respondent's Stated Reasons**

a.  Respondent's stated reason for my termination was that the company was reorganizing.

b.  Respondent's stated reason for my termination is pretextual. At the time of my termination, I was the only employee out of the approximately seven hundred fifty (750) employees under Mr. Roman who was terminated.

c.  Respondent has not offered me any further explanation for my termination.

d.  Respondent has not offered any reason for subjecting me to a hostile work environment.

e.  Respondent has not offered me any explanation for its pattern and practice of discriminating against female and/or older employees.

**C.   1. Statutes and Basis for Allegation**

I allege that Respondent has discriminated against me, including subjecting me to a hostile work environment, based on my sex (female) and age (59), and combination of sex and age, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. 621, et seq. ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, et seq. ("PHRA").

RECEIVED - EEOC
PHILA.D.O.
2017 3: 56

# EXHIBIT B

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: Linda Liano<br>▆▆▆▆▆▆▆<br>Berwyn, PA 19312 | From: Washington Field Office<br>131 M Street, N.E.<br>Suite 4NW02F<br>Washington, DC 20507 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2013-02401 | Danielle Hayot,<br>Federal Investigator | (202) 419-0747 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

X   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

**Mindy E. Weinstein,**
ƉK. **Acting Director**

DEC 10 . 15
*(Date Mailed)*

Enclosures(s)

| cc: | Sunita Holzer<br>Human Resources Manager<br>COMPUTER SCIENCES CORPORATION<br>3170 Fairview Park Drive<br>Falls Church, VA 22042 | Ashley Waring<br>CONSOLE LAW OFFICES<br>1525 Locust Street<br>9th Floor<br>Philadelphia, PA 19102 |
|---|---|---|

Enclosure with EEOC