UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

LINDA LIANO,
　　Plaintiff

v.

COMPUTER SCIENCES CORPORATION,
　　Defendant.

No. 2:16-CV-01080-hb

District Judge Harvey Bartle III

Jury Trial Demanded

## PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

　　Certain records of Defendant, Computer Sciences Corporation ("Defendant" or "CSC"), contain personal and/or confidential information, including that of non-parties to this litigation, the disclosure of which, outside the scope of this litigation, could be harmful or result in significant injury to legitimate privacy and/or commercial interests. However, some of the above-described records may be discoverable and/or contain information potentially relevant to Plaintiff's claims or to Defendant's defenses. Accordingly, counsel for Defendant and Plaintiff herein stipulate and agree, subject to the Court's approval, that:

　　1.　　The parties agree that the following information, data or documents, if identified as "Confidential" by the party when producing them, or, with respect to documents produced by either party or non-parties, if designated "Confidential" in writing by the receiving party, shall be deemed confidential for the purposes of this Agreement: personnel files, payroll records, employment records, and/or medical records concerning current or former employees of CSC, aside from Plaintiff, and trade secrets or confidential commercial information (collectively, the Confidential Records).

　　2.　　Confidential Records may be designated as follows:

    A)    By imprinting the word "Confidential" on each page of the document produced, in such a manner as will not interfere with the legibility thereof;

    B)    With respect to electronically stored information that is not Bates numbered, by imprinting the word "Confidential" on the compact disc (or other media) containing the material produced or by including the word "Confidential" in the file name;

    C)    By imprinting the word "Confidential" next to or above any response to a discovery request; or

    D)    With respect to transcribed testimony or deposition exhibits, by giving written notice to opposing counsel designating testimony or exhibits as "Confidential" no later than thirty calendar days after receipt of the final transcribed testimony or by designating on the record at the deposition such portions as "Confidential."  In order to permit time for such designation, all deposition testimony and deposition exhibits shall be treated as "Confidential" for thirty days after the date of the receipt of the final transcribed testimony.

3.    The Confidential Records are to be considered confidential for purposes of this Order.

4.    The Confidential Records may be used solely for the purpose of this litigation and for no other purpose.

5.    The Confidential Records will be retained in the office of counsel except that counsel may remove the documents from the office for the time necessary for:

      A)    Examination by experts or witnesses in this case who will testify about information on the Confidential Records;

      B)    For use at trial, hearing, or depositions;

      C)    For use as exhibits to any motion or brief filed with the Court.

6.    Copying of the Confidential Records will be strictly limited to:

      A)    Copies used as exhibits attached to depositions, motions, or other court filings;

      B)    Necessary copies for counsel's use in preparation for depositions or trial;

      C)    Necessary copies of the Confidential Records used as exhibits at trial;

7.    The parties shall not disclose the contents of the Confidential Records. The parties shall allow individuals to view the Confidential Records only to the extent necessary to pursue the claims and defenses in this matter. Such individuals are limited to the Plaintiff, the parties' attorneys, members of the attorneys' firm involved in this litigation, stenographers, reporters, witnesses, and experts involved in this matter. All persons having access to the Confidential Records shall be advised that the Confidential Records are subject to a protective order and shall agree to be bound thereto.

8.    Plaintiff understands that she is personally bound by this Protective Order. Plaintiff shall not discuss the contents of the Confidential Records with anyone other than her attorney or an expert or accountant specifically retained by Plaintiff to provide advice or testimony in this litigation.

9.    Nothing contained in this Order shall prevent the use of the Confidential Records or any part thereof, at the trial, subject to the Court's approval, or at deposition with the following safeguards.

  A. If used at deposition, the deponent and the reporter will be informed of the protective order and be advised that pursuant to this protective order, he or she may not divulge any Confidential Records except as necessary in providing testimony or services in this litigation.

  B. If used as an exhibit in a motion or at hearing, the parties shall jointly move pursuant to the Local Rules and the Administrative Procedures for Electronic Case Filing to seal that portion of the record to prevent disclosure to third parties. Neither party shall oppose the other's motion to seal any document designated as Confidential pursuant to the Agreement.

  10. **Challenge to Designation.** Any Party may challenge the designation of Confidential Records within 45 days of its production. A failure of a Party to challenge expressly a designation of Confidential Records shall not constitute a waiver of the right to assert at any subsequent time that the material designated does not constitute Confidential Records.

  11. **Procedures for Challenge.** Any Party that disagrees with the designation of any information as Confidential Records may notify the opposing Party. The designating Party shall then have thirty (30) days from receipt of the notification to move the Court for an Order upholding the designation. The burden of proving that the designation is proper under Rule 26(c)(1)(G) shall be upon the designating Party. The designated information shall be treated as Confidential Records until the Court rules on the designating Party's timely motion. If the designating Party fails to move the Court in accordance with this Paragraph, or if the Court finds the designation of Confidential Records to have been inappropriate, the challenged designation shall be considered rescinded. The Parties thereafter shall not be required to treat the

information as Confidential Records.

12. In the event Confidential Records are used in any court filing or proceeding in this action, including but not limited to its use at trial, they shall not lose confidential status as between the Parties through such use. In the event it is necessary for the Parties to file Confidential Records as well as briefs quoting or discussing Confidential Records with the Court in connection with any proceeding or motion, the Confidential Records shall be filed under seal in accordance with Court rules.

13. Failure to designate any information as Confidential pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within 30 days of discovery of the failure. At such time, arrangements shall be made for the return of the information that should have been marked Confidential to the Producing Party to substitute properly labeled copies. The Party failing to designate such information as Confidential Records must notify the Receiving Party in writing of such failure. The Receiving Party will take reasonable steps to see that the information is thereafter treated in accordance with the designation. No person or Party however, shall incur any liability hereunder with respect to any disclosure that occurred prior to receipt of written notice of a belated designation.

14. Nothing in this Order shall prevent a party from seeking an Order compelling production of Confidential Records, privileged documentation, or any other documentation under the Federal Rules of Civil Procedure.

15. Nothing in this Order shall be construed to affect the discoverability, use of, or admissibility of any document, material or information at any trial or hearing.

16. The parties agree that this agreement does not constitute a global waiver by any

party as to whether any Confidential Records are discoverable, but rather, is a mechanism by which Confidential Records that are disclosed are prevented from being used for any purpose outside this litigation by any party.

17. At the conclusion of the litigation or within 30 days after the parties' rights to appeal or further appeal expire, counsel for the party requesting return or destruction of Confidential Records shall notify opposing counsel in writing of such request. Opposing counsel shall either destroy or return all Confidential Records produced during the course of litigation, as well as any photocopies of the Confidential Records that counsel for the parties may have made, within 30 days of the request.

18. Any party may apply to the Court for a modification of this Order and nothing in this Order shall be deemed to prejudice their right to seek modification. The parties agree to make good faith efforts to comply with all terms of this Order.

19. The court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

IT IS SO ORDERED

Dated: August 23, 2016

_____
UNITED STATES DISTRICT JUDGE

6